```
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
          MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


DETROIT FREE PRESS, INC.,    )
d/b/a WUSA-TV,               )
                             )
     Plaintiff,              )
                             )    CIVIL ACTION NO.
     v.                      )      3:12cv989-MHT
                             )           (WO)
SLOCUMB LAW FIRM, LLC, and   )
MICHAEL W. SLOCUMB, an       )
individual,                  )
                             )
     Defendants.             )
```

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).

Although 28 U.S.C. § 1441 provides for removal based upon diversity of citizenship, subsection (b) of § 1441 precludes removal where one or more of the defendants is a citizen of the State wherein the action is brought. Subsection (b) specifically provides that any action other

than one based on federal-question jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because it appears that defendants Slocumb Law Firm, LLC, and Michael W. Slocumb may be citizens of Alabama and because this lawsuit was initiated in an Alabama court, it further appears that subsection (b) precludes removal to this federal court.

Furthermore, to invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).[1] The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at

---

1. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

8-10 (3d ed. 1998). The notice of removal fails to meet this standard. The notice gives the "residence" rather than the "citizenship" of defendant Michael W. Slocumb. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995, 92 S.Ct. 534 (1971).[2]

The removal notice is also insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': defendant Slocumb Law Firm, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore allege "the citizenships of all the members of the limited liability company." Id. (And if the entity consists of several

---

2. Id.

entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

***

Accordingly, it is ORDERED that the defendants show cause, if any there be, in writing by no later than November 20, 2012, as to why this cause should not be remanded to the Circuit Court of Lee County, Alabama because subsection (b) of 28 U.S.C. § 1441 precludes removal where one or more of the defendants is a citizen of the State wherein the action is brought.

Furthermore, it is ORDERED that, if defendants believe that they can overcome the prohibition of subsection (b) of 28 U.S.C. § 1441, defendants are allowed until November 20, 2012, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653;

otherwise this case shall be remanded to the Circuit Court of Lee County, Alabama.

DONE, this the 13th day of November, 2012.

                                      /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE